trial of the action." In light of the foregoing disposition, the appeal from the order of August 28, 1929, is dismissed, without costs. Lazansky, P. J., Young, Hagarty, Carswell and Scudder, JJ., concur.

HARRY CREIGHTON INGALLS, Respondent, v. ROBERT L. DODGE, Defendant, and LILLIAN S. DODGE, Appellant.— On argument, order correcting and amending summons and other papers in the action so that the same shall be entitled " Supreme Court of the State of New York, Westchester County," instead of " Supreme Court of the State of New York, County of New York," affirmed, with ten dollars costs and disbursements. Lazansky, P. J., Young, Hagarty, Carswell and Scudder, JJ., concur.

HERMAN I. KAPLAN and MOSES ROSENSTOCK, Respondents, v. LUJOSAM CORPORATION, Appellant.— On argument, order denying motion to strike cause from calendar as a preferred case affirmed, with ten dollars costs and disbursements. Lazansky, P. J., Young, Hagarty, Carswell and Scudder, JJ., concur.

WILLIAM POTRUCH, Respondent, v. SHEP REALTY CORPORATION, Appellant.— On argument, crder denying motion for judgment dismissing complaint affirmed, without costs, upon condition that respondent file an amended complaint within twenty days from service of copy of the crder entered herein; otherwise, order reversed upon the law and the facts, with ten dcllars costs and disbursements, and motion granted, with ten dollars costs. Lazansky, P. J., Young, Hagarty, Carswell and Scudder, JJ., concur.

LOUISA D'AURIO and FRANK D'AURIO, as Administrators, etc., of NICHOLAS D'AURIO, Deceased, Respondents, Appellants, v. LONG ISLAND RAILROAD COMPANY, Respondent, and THE NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY, Appellant.— Appeal of defendant The New York, New Haven and Hartford Railroad Company dismissed on default, with costs. Present — Lazansky, P. J., Rich, Young, Hagarty and Scudder, JJ.

ISAAC L. BROWN, Respondent, v. LONG BEACH LUMBER Co., INC., and Others, Appellants. (Appeals Nos. 1, 2 and 3.) — Motion for stay granted to the extent of staying all proceedings after sale until the hearing and determination of the appeals now pending. Present — Young, Hagarty, Carswell and Scudder, JJ.; Lazansky, P. J., not voting.

In the Matter of the Application of SIDNEY G. HARNETT, Petitioner, for a Prohibitive Order against Extraordinary Trial Term of the Supreme Court, Alleged to Be Held in and for the County of Kings, under and Pursuant to a Proclamation of the Governor of the State of New York, Dated August 2, 1929, and the Hon. ARTHUR S. TOMPKINS, a Justice of the Supreme Court of the Ninth Judicial District, Designated to Hold Said Alleged Extraordinary Trial Term, and the PEOPLE OF THE STATE OF NEW YORK, the Alleged Plaintiff in a Criminal Action, Now Alleged to Be Pending in the Said Alleged Extraordinary Trial Term of the Supreme Court against the Petitioner, Respondents.— The decision of this court handed down November 22, 1929,* is hereby amended to read as follows: Motion for alternative order of prohibition denied as a matter of discretion. Present — Lazansky, P. J., Young, Kapper, Hagarty and Carswell, JJ.

In the Matter of the Application of SIDNEY G. HARNETT, Petitioner, for a Prohibitive Order against Extraordinary Trial Term of the Supreme Court,

---

* See 227 App. Div. 811— [REP.

Alleged to Be Held in and for the County of Kings, under and Pursuant to a Proclamation of the Governor of the State of New York, Dated August 2, 1929, and the Hon. ARTHUR S. TOMPKINS, a Justice of the Supreme Court of the Ninth Judicial District, Designated to Hold Said Alleged Extraordinary Trial Term, and the PEOPLE OF THE STATE OF NEW YORK, the Alleged Plaintiff in a Criminal Action, Now Alleged to Be Pending in the Said Alleged Extraordinary Trial Term of the Supreme Court against the Petitioner, Respondents.— The decision of this court handed down November 22, 1929,* is hereby amended to read as follows: Motion for alternative order of prohibition denied as a matter of discretion. Present — Lazansky, P. J., Young, Kapper, Hagarty and Carswell, JJ.

WARREN MURDOCK, Appellant, v. THOMAS M. HODGENS and INEZ T. HODGENS, Respondents.— In view of the decision of the main appeal (post, p. 633), decided herewith, the motion to dismiss the appeal is dismissed, without costs. Present — Lazansky, P. J., Rich, Young, Seeger and Scudder, JJ.

ANNA ANDERSON, Respondent, v. BARNEY'S OMNIBUS SERVICE CORPORATION and JAMES G. GROWER, Appellants.— Judgment and order reversed upon the law and the facts and a new trial granted, costs to abide the event, unless plaintiff, within ten days from service of a copy of the order entered herein, stipulate to reduce the verdict to the sum of $4,000, in which event the judgment as so modified, and the order, are unanimously affirmed, without costs. The amount of the verdict was excessive. Lazansky, P. J., Young, Kapper, Hagarty and Carswell, JJ., concur.

HELEN M. BRADLEY, Respondent, v. CATHERINE M. BRADLEY, Individually and as Special Guardian of HELEN M. BRADLEY, Respondent, and CATHERINE GRAHAM and Others, Appellants.— Interlocutory judgment of the County Court of Suffolk county reversed upon the law and the facts and new trial ordered, without costs. We are of the opinion that the determination of the County Court that plaintiff is the owner of an undivided half interest in the property was correct. The surrogate had no authority to entertain proceedings for the sale of the infant's real estate in face of the provision of the will that it should not be divided until the infant reached the age of twenty-one. (Rogers v. Dill, 6 Hill, 415.) The petition in the proceedings to sell the infant's real estate made no reference to the will, so it cannot be said that there was a determination that the property could be sold under the terms of the will. It was error to hold that Catherine M. Bradley had any interest in this realty, since she had sold her interest to defendant Graham. Defendant Graham paid over $3,000 in discharge of the mortgage of $2,800 and interest. She is thus entitled to contribution from plaintiff. (Peck v. Peck, 110 N. Y. 64.) This may be provided for in the interlocutory judgment. (Civ. Prac. Act, § 1038.) Defendant Graham holds a mortgage on the undivided share of defendants O'Donohue. The rights between Graham and the O'Donohues should be determined in the interlocutory judgment (§ 1038, supra). Defendants Graham and the O'Donohues have spent moneys for repairs and improvements. It may be that they are entitled to contribution from plaintiff for necessary repairs and improvements. (Cosgriff v. Foss, 152 N. Y. 104; Ford v. Knapp, 102 id. 135.) Taxes paid by defendant Graham and defendants O'Donohue and the amount received by plaintiff out of the sale should be considered (Clute v. Clute,

* See 227 App. Div. 811.— [REP.